UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Lina M. Gomez
and other similarly situated individuals,

      Plaintiff(s),

v.

V & B Auto Sales Corp,
Victor R. Abreu, and
Bianellys T. Marte de Abreu,
individually,

      Defendants,

_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Lina M. Gomez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue V & B Auto Sales Corp, Victor R. Abreu, and Bianellys T. Marte de Abreu, individually and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid wages under the laws of the United States. Accordingly, This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for

jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff Lina M. Gomez is a resident of Seminole County, Florida, within this Honorable Court jurisdiction and is otherwise sui juris. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act.

3. Defendant V & B Auto Sales Corp (from now on V & B Auto Sales, or Defendant) is a Florida for Profit Corporation, having a business in Orange County, Florida, where Plaintiff worked for Defendants.

4. Individual Defendants Victor R. Abreu and Bianellys T. Marte de Abreu are the owners/partners/and managers of Defendant Corporation V & B Auto Sales. These individual Defendants are the Employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint occurred in Orange County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. Plaintiff Lina M. Gomez brings this cause of action as a collective action to recover from the Defendants minimum wages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor

Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked for Defendants during one or more weeks on or after September 2022, (the "material time") without being adequately compensated.

7.  Defendant V & B Auto Sales is a used automobile dealership located at 5626 S. Orange Blossom Trail, Orlando, FL 32839, where Plaintiff and other similarly situated individuals worked.

8.  Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu employed Plaintiff Lina M. Gomez as a car from September 23, 2022, to October 30, 2022, or 5 weeks.

9.  Plaintiff was hired as an inside, full-time used car saleswoman. Plaintiff had duties selling used cars at the Defendants' showroom.

10. While employed by Defendants, Plaintiff had a mandatory pre-set regular schedule of 7 days per week. Plaintiff worked from Monday to Saturday from 9:00 AM to 7:00 PM (10 hours daily). On Sundays, Plaintiff worked from 11:00 AM to 4:00 PM (5 hours). Thus, Plaintiff worked a total of 65 hours every week. Plaintiff did not take bonafide lunch periods.

11. By reason of the foregoing, Plaintiff Lina M. Gomez was an employee of V & B Auto Sales Victor R. Abreu, and Bianellys T. Marte de Abreu, within the meaning of 29 U.S.C. § 203(e)(1).

12. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

13. Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week. Plaintiff did not receive any weekly draw.

14. Defendants set a fixed commission per car sold. This fixed commission per unit sold fluctuated due to many reasons. As per Plaintiff's understanding, Defendants changed that fixed flat commission all the time, at their discretion, causing Plaintiff a lot of confusion and great uncertainty about her expected earnings for the week.

15. Every week, Defendants settled Plaintiff's commissions, but they did not pay her the total amount of earned commissions. Plaintiff received only irregular partial payments. The remaining balance was always carried forward to the next payment period.

16. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business, Victor R. Abreu and Bianellys T. Marte de Abreu, but they never fixed the problem.

17. On or about Sunday, October 30, 2022, Plaintiff was forced to leave her employment because she was working 65 hours weekly and was not being paid minimum wages and her hard-earned commissions.

18. At the time of her resignation, Defendants refused to pay Plaintiff her first week of employment, in which she worked 65 hours and did not receive a draw, minimum wages, or any commission. In addition, Defendants did not pay Plaintiff for her last week of work, her overdue commissions, minimum wages, or any compensation.

19. Regardless of the Defendants' payment plan arrangements, Plaintiff was a commission-based inside salesperson, and she was entitled to be paid at least at the minimum wage rate for all hours worked in a week period.

20. Defendants did not maintain any time-keeping method, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 65 hours per week.

21. Plaintiff was not paid at all for her first and last week of work. Plaintiff was not paid at any rate, not even at the minimum wage rate required by State and Federal law.

22. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

23. The Plaintiff was paid weekly with cash without any paystub or records showing the number of days and hours worked, the number of cars sold, commissions paid, amount of draw paid and deducted, employee taxes withheld, etc.

24. Plaintiff is not in possession of time and payment records, and without the benefit of discovery, it will be difficult to know the exact amount she is owed.

25. However, Plaintiff will provide a preliminary Statement of Claim including only two weeks of 65 working hours as unpaid minimum wages. Plaintiff will amend her Statement of Claim according to time and payment records after proper discovery.

26. Plaintiff Lina M. Gomez seeks to recover minimum wages for all hours worked during her entire period of employment, liquidated damages, commissions, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

27. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

28. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular hour as required by the FLSA.

29. This action is intended to include every car seller/automobile dealership and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

30. Plaintiff Lina M. Gomez re-adopts every factual allegation stated in paragraphs 1-29 of this complaint as if set out in full herein.

31. The employer V & B Auto Sales, was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail company performing as a used vehicle dealership. Defendant has more than two employees directly and recurrently engaged in interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is enterprise coverage.

32. Plaintiff was employed by an enterprise engaged in interstate commerce. The Plaintiff and other employees similarly situated handled and worked on goods and materials and materials that were moved across State lines. Plaintiff participated directly in interstate commerce by selling vehicles purchased across state borders. Therefore, there is individual coverage.

33. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

34. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu employed Plaintiff Lina M. Gomez as a car from September 23, 2022, to October 30, 2022, or 5 weeks.

35. Plaintiff was hired as an inside, full-time used car saleswoman. Plaintiff had duties selling used cars at the Defendants' showroom.

36. While employed by Defendants, Plaintiff had a mandatory pre-set regular schedule of 7 days per week, a total of 65 hours every week. Plaintiff did not take bonafide lunch periods.

37. By reason of the foregoing, Plaintiff Lina M. Gomez was an employee of V & B Auto Sales Victor R. Abreu, and Bianellys T. Marte de Abreu, within the meaning of 29 U.S.C. § 203(e)(1).

38. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu were the employers of Plaintiff within the meaning of 29 U.S.C. § 203 (d), and they were required to comply with the mandates of the FLSA, as it applied to Plaintiff and other similarly situated individuals.

39. Plaintiff was paid on a "commissions only" payment plan, with an established commission settlement period of 1 week. Plaintiff did not receive any weekly draw.

40. Defendants set a fixed flat commission per car sold.

41. Every week, Defendants settled Plaintiff's commissions, but they did not pay her the complete amount of earned commissions. Plaintiff received only irregular partial payments. The remaining balance was always carried forward to the next payment period.

42. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business

Victor R. Abreu and Bianellys T. Marte de Abreu, but they never fixed the problem.

43. On or about Sunday, October 30, 2022, Plaintiff was forced to leave her employment because she was working 65 hours weekly and was not being paid minimum wages and her hard-earned commissions.

44. At the time of her resignation, Defendants refused to pay Plaintiff her first week of employment in which she worked 65 hours and did not receive a draw, minimum wages, or any commission, her last week of work, and her overdue commissions.

45. Regardless of the Defendants' payment plan arrangements, Plaintiff was a commission-based inside salesperson, and she was entitled to be paid at least at the minimum wage rate for all hours worked in a week period.

46. Defendants did not maintain any time-keeping method, but Defendants were able to monitor the hours worked by Plaintiff and other similarly situated individuals, and they knew that Plaintiff was working 65 hours per week.

47. Plaintiff was not paid at all for her first and last week of work. Plaintiff was not paid at any rate, not even at the minimum wage rate required by State and Federal law.

48. Therefore, Defendants willfully failed to pay Plaintiff minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §206, et seq.

49. The Plaintiff was paid weekly with cash without any paystub or records showing the number of days and hours worked, the number of cars sold, commissions paid, amount of draw paid and deducted, employee taxes withheld, etc.

50. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, the Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

51. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights under the FLSA. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

52. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid minimum wages will include only two unpaid weeks. Plaintiff will

adjust his calculations to include any unpaid worked hours after discovery.

Plaintiff's calculation is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

    a. <u>Total amount of alleged unpaid wages</u>:

        One Thousand Four Hundred Thirty Dollars and 00/100 ($1,430.00)

    b. <u>Calculation of such wages</u>:

        Total weeks of employment: 5 weeks
        Total relevant weeks of employment: 2 weeks
        Total number of unpaid weeks: 2 weeks
        Total hours worked: 65 hours weekly
        Total number of unpaid hours:  65 hours per week
        Fl. Minimum wages: $11.00 an hour

        Min. Wage $11.00 x 65 hours=$715.00 weekly x 2 weeks=$1,430.00

    c. <u>Nature of wages</u>:

        This amount represents unpaid minimum wages at the Florida minimum wage rate.

53. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

54. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu knew and/or showed a reckless disregard of the provisions of the

Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages as set forth above. Plaintiff is entitled to recover double damages.

55. At times mentioned, individual Defendants Victor R. Abreu and Bianellys T. Marte de Abreu were the owners/partners/managers of V & B Auto Sales. Defendants Victor R. Abreu and Bianellys T. Marte de Abreu were the employers of Plaintiff and other similarly situated employees. In that, these individual Defendants acted directly in the interests of V & B Auto Sales in relation to its employees, including Plaintiff and others similarly situated. Defendants Victor R. Abreu and Bianellys T. Marte de Abreu had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and they are jointly and severally liable for Plaintiff's damages.

56. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Lina M. Gomez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Lina M. Gomez and against the Defendants V & B Auto Sales Victor R. Abreu, and Bianellys T. Marte de Abreu based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Lina M. Gomez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II
## UNPAID WAGES  (COMMON LAW) – 448.08
## AGAINST ALL DEFENDANTS

57. Plaintiff Lina M. Gomez re-adopts every factual allegation as stated in paragraphs 1-26 above as if set out in full herein.

58. At all times material hereto, Plaintiff was an employee of the Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu.

59. On or about September 23, 2022, Plaintiff Lina M. Gomez and Defendants V & B Auto Sales Victor R. Abreu and Bianellys T. Marte de Abreu entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendants as a full-time, car saleswoman.

60. Plaintiff worked for Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu from September 23, 2022, to October 30, 2022, or five weeks.

61. Defendants entered into an employment contract with Plaintiff Lina M. Gomez by agreeing to pay Plaintiff for the total value of her work and services.

62. Pursuant to the Employment Contract entered with Plaintiff Lina M. Gomez,  Plaintiff would be working 7 days per week, a mandatory schedule of 65 hours weekly.

63. Defendants V & B Auto Sales Victor R. Abreu, and Bianellys T. Marte de

Abreu would pay Plaintiff on a "commissions only" payment plan, with an established commission settlement period of one week. Both parties agreed to a fee commission rate according to a pre-fixed commission table.

64. Defendants offered to compensate Plaintiff for every car sold during the week, with the total commissions earned each week, on the established payment day.

65. Plaintiff fulfilled her obligations under the Employment agreement entered into with Defendants. Plaintiff worked from Monday to Sunday, a total of 65 hours weekly. At all times material hereto, Plaintiff performed and excelled at the essential functions of her position.

66. However, Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu breached their Employment contract with Plaintiff by failing to pay Plaintiff commissions as agreed.

67. Defendants set a fixed commission per car sold. This commission per unit sold fluctuated due to many reasons. In addition, as per Plaintiff's understanding, Defendants changed that fixed commission all the time, at their discretion, causing Plaintiff a lot of confusion and great uncertainty in reference to her expected earnings for the week.

68. Every week, Defendants settled Plaintiff's commissions, but they did not pay her the total amount of earned commissions. Plaintiff received only

irregular partial payments. The remaining balance was always carried forward to the next payment period.

69. Plaintiff did not receive any kind of compensation besides commissions.

70. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business Victor R. Abreu, and Bianellys T. Marte de Abreu, but they never fixed the problem.

71. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiff was working a minimum of 65 hours without lunchtime.

72. On or about Sunday, October 30, 2022, Plaintiff was forced to leave her employment because she was working 65 hours weekly and she was not being paid her hard-earned commissions.

73. Plaintiff worked regularly and consistently a total of 65 hours every week. However, Plaintiff did not receive her hard-earned commissions as agreed.

74. Unpaid commissions constitute unpaid wages under Florida law.

75. Therefore, Plaintiff was not paid for the total value of her work and services, as promised and required by law.

76. At the moment of her resignation, Defendants refused to pay paid Plaintiff her overdue commissions.

77. Plaintiff estimates that Defendants failed to pay Plaintiff commissions for an average of Seven Thousand Five Hundred & 00/100 ($7,500.00), corresponding to commissions over the sale of 15 cars.

78. Defendants V & B Auto Sales Victor R. Abreu, and Bianellys T. Marte de Abreu willfully failed to pay Plaintiff Lina M. Gomez wages during her time of employment.

79. This is an action in the common law.

80. Plaintiff Lina M. Gomez is entitled to damages as a result of the Defendants' failure to pay wages, as further stated above.

81. Plaintiff Lina M. Gomez has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Lina M. Gomez respectfully requests that this Honorable Court enter a judgment against Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu that :

A. Award the Plaintiff Lina M. Gomez unpaid wages found to be due and owing;

B. Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla. Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

### Demand for a Jury Trial

Plaintiff Lina M. Gomez and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

### COUNT III:
### BREACH OF EMPLOYMENT CONTRACT
### AGAINST ALL DEFENDANTS

82. Plaintiff re-states and re-alleges paragraph 1 through 1-25 as if set forth in full herein.

83. On or about September 23, 2022, Plaintiff Lina M. Gomez and Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu entered into a contract (hereinafter the "Employment Contract") by which Plaintiff agreed to serve Defendants as a full-time, car saleswoman.

84. Defendants entered into an employment contract with Plaintiff Lina M. Gomez by agreeing to pay Plaintiff for the full value of her work and services.

85. Pursuant to the Employment Contract entered with Plaintiff Lina M. Gomez, Plaintiff would be working seven days per week, a mandatory schedule of 65 hours weekly.

86. Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu would pay Plaintiff on a "commissions only" payment plan, with an established commission settlement period of one week. In addition, both parties agreed to a fee commission rate according to a pre-fixed commission table.

87. Defendants offered to compensate Plaintiff for every car sold during the week, with the total commissions earned each week, on the established payment day.

88. Plaintiff fulfilled her obligations under the contractual agreement entered into with Defendants. Plaintiff worked from Monday to Sunday, a total of 65 hours weekly. At all times material hereto, Plaintiff performed and excelled at the essential functions of her position.

89. However, Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu breached their contract with Plaintiff by failing to pay Plaintiff commissions as specified in their contractual agreement.

90. Defendants set a fixed commission per car sold. This commission per unit sold fluctuated due to many reasons. As per Plaintiff's understanding, Defendants changed that fixed commission all the time, at their discretion, causing Plaintiff a lot of confusion and great uncertainty about her expected earnings for the week.

91. Every week, Defendants settled Plaintiff's commissions, but they did not pay her the complete amount of earned commissions. Plaintiff received only irregular partial payments. The remaining balance was always carried forward to the next payment period.

92. Plaintiff was not in agreement with the lack of payment for commissions earned, and she complained several times to the owners of the business, Victor R. Abreu and Bianellys T. Marte de Abreu, but they never fixed the problem.

93. On or about Sunday, October 30, 2022, Plaintiff was forced to leave her employment because she was working 65 hours weekly and was not being paid her hard-earned commissions.

94. At the time of her resignation, Defendants refused to pay Plaintiff her first week of employment in which she worked 65 hours and did not receive a draw, minimum wages, or any commission, her last week of work, and her overdue commissions.

95. There is a substantial amount of commissions that were not paid to Plaintiff according to the contract.

96. Plaintiff was not paid as promised and outlined in their contractual agreement.

97. Plaintiff estimates that Defendants breached their contract with Plaintiff by failing to pay Plaintiff commissions for an average of Seven Thousand Five Hundred & 00/100 ($7,500.00), corresponding to commissions over the sale of 15 cars.

98. As a result of the Defendants' breach, Plaintiff Lina M. Gomez has suffered actual, consequential, and incidental damages.

99. Defendants' conduct is in breach of the employment contract and the good faith and fair dealing found in every contract, including the contract entered into between Plaintiff Lina M. Gomez and Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu.

100.    Plaintiff Lina M. Gomez is entitled to damages as a result of the Defendants' breach of contract, as further stated above.

101.    Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Lina M. Gomez respectfully requests that this Honorable Court enter a judgment against Defendants V & B Auto Sales, Victor R. Abreu, and Bianellys T. Marte de Abreu that :

    A. Award the Plaintiff Lina M. Gomez compensatory damages found to be due and owing;

B.  Award the Plaintiff prejudgment interest;

C.  Award the Plaintiff reasonable attorney's fee and costs pursuant to Fla.

   Stat. § 448.08; and

D.  Order such other relief as this Court deems just and equitable.

<u>Demand for a Jury Trial</u>

Plaintiff Lina M. Gomez demands trial by a jury of all issues triable as a right by a

jury.

Dated:  December 16, 2022

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500
Facsimile:     (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*